JONES, JUDGE:
The claimant, Mrs. Harold P. Clarke seeks recovery of the sum of $193.17 from the respondent, Department of Highways, for damages to the loss of use of her 1973 Dodge automobile, resulting when she drove her car into flood waters on Guyan River Road in *16 M near the City of Huntington as she was going to work at Larboursville State Hospital at about 5:50 a.m. on November 29, 1973. The claimant was alone at the time of the incident, and she was the only witness at the hearing.
Claimant testified that it was very dark at the time and her car lights were on. It was not raining and she was not sure whether it had rained during the night, although the road was clear when she returned home from work the night before. She testified that she did not see the water on the road and ran into it to the depth of three feet.
Her car choked and stopped, but thanks to a “miracle” she was able to start the car and back it out of the water. She then turned her car around and drove it home. Major replacements and repairs to the vehicle include installation of a new windshield wiper motor at a cost of $50.11 and a new starter for $77.00. She also presented an invoice for one week’s car rental in the amount of $51.81.
It is the contention of claimant that respondent should have provided flagmen at the flood area or that the area should have been marked with flares or other warnings of danger. However,' there is nothing in the record to show when the water crossed the road or when, if at all, the respondent had notice of the flooding. The claimant had been traveling this road for about fourteen years and she was well aware of the occasional flooding of the area.
There is considerable question as to whether the respondent is guilty of any negligence whatever in this case. As this Court has consistently held the State is not an insurer, and its duty to travelers is one only of reasonable care and diligence in the maintenance of a highway under all the circumstances. Furthermore, evidence of any causal connection between the flood water and the alleged damages to the claimant’s car is unsatisfactory. However, the aforementioned issues need not be finally resolved, as in the Court’s opinion the claimant is barred from recovery by her own negligence.
If claimant’s car had been under proper control, as the law requires; if she had seen, what in the careful operation of her vehicle, she should have seen; and even thereafter if she had not carelessly continued into the flood water to the depth of three feet, no damage would have occurred. Either her car was not under proper control, or she assumed the risk of injury by proceeding through the waters to a hazardous depth. Accordingly, we *17 conclude that the claimant’s damages are the proximate result of her own acts and omissions, and her claim is disallowed.
Claim disallowed.